HELEN KREISS and Another, Respondents, *v.* LUNA PARK AMUSEMENT CORPORATION, Appellant.

First Department, November 3, 1933.

*William B. Shelton* of counsel [*Jenkins, Dimmick & Finnegan,* attorneys], for the appellant.

*Herman L. Falk* of counsel [*Mitchell J. Sherwin* with him on the brief], for the respondents.

TOWNLEY, J. This action was brought to recover damages for personal injuries which the plaintiff Helen Kreiss suffered through the negligence of the defendant in the operation and management of a device at Luna Park, Coney Island, called the "Bamboo

Slide." At the end of the slide there was a canvas mat to protect the patrons. An attendant was employed by the defendant to stand at the end of the slide. It was his duty to assist persons from the mat after they had finished sliding.

The testimony showed that as the plaintiff was rapidly approaching the end of her ride, the attendant was talking to someone and was standing about three feet from the end of the slide. As plaintiff was passing the point where the attendant was standing, he seized her left arm. Plaintiff's momentum was such that the attendant was pulled to the end of the slide and fell on the plaintiff, injuring her.

The negligence of the defendant is predicated upon the carelessness of the attendant in not permitting plaintiff to finish her ride without interruption. There was nothing unusual in plaintiff's situation to justify the attendant's act. A witness for the defense said that he saw plaintiff coming down off the end of the slide on to the mat and that her left foot got caught and she tumbled over. This witness testified that no attendant was there holding her arm and that no one fell over her. The jury believed the plaintiffs' witnesses and the negligence was established as a fact.

On this appeal the defendant relied exclusively on the case of *Shaw* v. *Atlantic Amusement Co.* (228 App. Div. 850; affd. without opinion, 258 N. Y. 570). An examination of the record in the *Shaw* case shows that the plaintiff had voluntarily entered a revolving barrel. Due to the inherent nature of the device plaintiff was in difficulties. An attendant seeing her trouble, instead of stopping the barrel, entered into it to assist her. The revolving of the barrel got the attendant in the same difficulty that the plaintiff was in and the presence of the attendant coupled with the revolving of the barrel was the cause of the accident. No opinion was written by the Court of Appeals. The only rule that may be deduced from the case is that on the facts the attendant's effort to help plaintiff who voluntarily got herself into a position of danger was neither in itself negligent nor negligently carried out.

In the instant case, however, there was no need for any interference by the attendant. Plaintiff was not in difficulty. The act of attempting to assist plaintiff was performed at a time when because of the speed of plaintiff's body great danger of injuring plaintiff was present. The plaintiffs' cause of action was fully established.

The judgment should be affirmed, with costs.

FINCH, P. J., MERRELL, GLENNON and UNTERMYER, JJ., concur.

Judgment affirmed, with costs.